UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VOLUNTEER SERVICES FOR ANIMALS, INC. | : | |
|                 Plaintiff, | : | |
| | : | |
| v. | : | C.A. No 1:25-cv-12485 |
| | : | |
| DOROTHY M. COLLINS, | : | |
|                 Defendant, | : | |

## **ORDER RE MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court upon the Plaintiff Volunteer Services for Animals, Inc.'s motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Having reviewed the motion and supporting affidavit of Joanne Rongo, Patricia M. Lee and Charles D. Blackman, and there appearing to be no genuine issue of material fact, the Court makes the following findings:

      1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

      2.      Defendant Dorothy M. Collins ("Collins") resides in Massachusetts and was personally served with a summons and a copy of the Complaint in accordance with Rule 4 on October 2, 2025 and Collins has failed to answer or otherwise respond to the Complaint within the time prescribed by Rule 4.

      3.      Collins was previously adjudicated to be legally incapacitated by the Probate and Family Court for Bristol County, Massachusetts ("Bristol Probate Court").

      4.      Brian Barriera, Esq. was appointed as guardian <u>ad litem</u> to represent Collins' interests by Order dated September 8, 2025.

5.      The property located at 1022 Riverside Avenue, Somerset, Massachusetts was formerly owned by Inez Rego, lately of Somerset, Massachusetts (the "Property"). The Property is the same property as is described in the deed dated May 9, 1985 from Inez Rego and Dorothy M. Collins as joint tenants, to Inez Rego, individually, that is recorded in the Fall River District of the Registry of Deeds for Bristol County, Massachusetts in Book 1570 page 59.

6.      Inez Rego died on February 22, 1989.

7.      Through her Last Will and Testament dated May 9, 1985, which was admitted to probate by the Bristol Probate Court on August 16, 1989, Inez Rego devised the Property to her sister, Mary Mendes, her brother-in-law, Manuel Mendes, Jr., and her friend, Dorothy M. Collins, as joint life tenants to be used during the term of their natural lives.  Upon the death of the last surviving joint life estate owner, Rego devised the remainder interest to Volunteer Services for Animals, Inc., a charitable Rhode Island nonprofit corporation.

8.      Manuel Mendes, Jr. died on October 11, 1995, and Mary Mendes died on May 11, 2019.  Consequently, Dorothy M. Collins is the sole surviving joint life tenant.

9.      Collins is 91 years old and cannot live alone safely anymore.  The Bristol Probate Court appointed a temporary and later a permanent guardian over her person. Collins now resides in a long term health care facility.

10.     Due to her infirmity, incapacity and old age, Collins has committed acts of waste by failing to pay taxes and to care of the Property, and there is no foreseeable likelihood that Collins will be able to fulfill her legal duties to the remainderman in the

future to avoid continuing waste under Mass. Gen Laws ch 242.  Issuance of an injunction under Mass. Gen Laws ch 242, § 9 will be futile.

11. It further appears to be in the best interests of Collins' person, and will best advance the testamentary intentions and charitable purposes of Inez Rego's original devise, to involuntarily terminate Collin's life estate in the Property.

12. VSA has demonstrated the absence of any genuine issue of material fact and its entitlement to judgment as a matter of law.  The Court finds that the proper remedy under these exceptional circumstances is to terminate the remaining life estate of Dorothy M. Collins and allow VSA to recover lawful possession of the Property pursuant to Mass. Gen Laws ch 242, § 1.

13. VSA voluntarily dismisses all claims for compensatory damages and injunctive relief pursuant to Rule 41(a)(1).

14. VSA shall pay the Guardian ad litem a reasonable attorney fee in the amount of $2,200.00..

15. Final Judgment shall enter pursuant to Rule 58(b)(2) in the form proposed by VSA.

ORDERED                                                                  ENTERED: November 12, 2025

_/s/ Brian E. Murphy_____
Brian E. Murphy
United States District Judge